Filed 5/21/15  Thakar v. Smitray CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| CHETAN THAKAR, | B246828 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. YC064739) |
| v. | |
| SMITRAY INC. et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment and order of the Superior Court for Los Angeles County, Stuart M. Rice, Judge.  Affirmed.

Chetan Thakar, in pro. per., for Plaintiff and Appellant.

Littler Mendelson and Robert W. Conti for Defendants and Respondents.

This is the fifth appeal in a lawsuit brought by plaintiff Chetan Thakar (who has represented himself throughout this litigation) against numerous defendants in New Jersey and California based upon an alleged conspiracy to deprive Thakar of employment and legal representation. In the first appeal, we affirmed the trial court's denial of Thakar's ex parte application for a preliminary injunction prohibiting all defendants from interfering with Thakar's search for legal representation and interfering with his employment. (*Thakar v. Smitray, Inc.* (June 19, 2012, B234776) [nonpub. opn.].) In the second appeal, we affirmed the trial court's order granting the New Jersey defendants' motion to quash service of process for lack of personal jurisdiction. (*Thakar v. The Community Hospital Group, Inc.* (Jan. 28, 2013, B236926) [nonpub. opn.].) In the third appeal, we reversed a judgment of dismissal in favor of defendant Robert Conti based upon the trial court's sustaining Conti's special demurrer, but found that Conti's general demurrer as to some of the causes of action was well taken and affirmed the dismissal of those causes of action. (*Thakar v. Conti* (March 18, 2013, B238498) [nonpub. opn.].) In the fourth appeal, we affirmed the trial court's dismissal of all causes of action asserted against defendant Ajit Chunilal Shah, M.D. for failure to state a cause of action. (*Thakar v. Shah* (March 25, 2014, B242286) [nonpub. opn.].)

In this appeal from a judgment in favor of two defendants -- Dinu Dahyabhai Patel and Nick Dahya -- and an order denying Thakar's motion to disqualify Conti as counsel for some of the defendants, Thakar raises some issues over which we have no jurisdiction and other issues that he has forfeited for failure to provide an adequate record or argument. As to the issues that were not forfeited and over which we have jurisdiction, we find no merit to Thakar's arguments and affirm the judgment and the order denying the disqualification motion.

# BACKGROUND

Thakar filed an unverified complaint in this action on May 6, 2011. Therein, he alleged that in 1998 defendants Martin Gizzi and Subramanian Hariharan wrongfully terminated him from a hospital residency program at defendant JFK Medical Center in New Jersey (these defendants are collectively referred to as the New Jersey defendants)[1] and falsified the results of his medical licensing examination to make it appear he had failed. The New Jersey defendants purportedly conducted surveillance of him and interfered with his attempts to obtain a medical license and employment. Thakar tried to engage attorneys in order to sue the New Jersey defendants, but he alleged he was thwarted by their interference with his efforts to do so.

At some point, Thakar moved to California, and in 2006, he began working as Resident Manager for defendant Smitray, Inc., dba Days Inn Airport Center (the hotel). The hotel was managed by defendants Nick Dahya and S.D.P. Investments, Inc.; defendant Dinu Dahyabhai Patel was alleged to be the dominant owner of Smitray, Inc. and S.D.P. Investments, Inc. (Thakar refers to Smitray, Inc., S.D.P. Investments, Inc., Dahya, and Patel collectively as the Smitray defendants; we will do the same when referring to all of them, but at times we will refer to Smitray, Inc. and S.D.P. Investments, Inc. as the Smitray corporate defendants and to Dahya and Patel as the Smitray individual defendants.) Thakar alleged that the Smitray defendants were contacted by Gizzi and Hariharan and given false information, which eventually led to the Smitray defendants conspiring with the New Jersey defendants to wrongfully terminate Thakar's employment at the hotel and interfere

---

[1] Although we identify all of the defendants in our discussion of the complaint, the only defendants relevant to this appeal are the Smitray defendants and Robert Conti.

3

with his rights in a multitude of ways, including causing him to be criminally prosecuted.

Defendant Robert Conti is an attorney retained by the Smitray defendants in various legal actions (including the present action) initiated by Thakar arising out of his employment with the Smitray defendants. Thakar alleged Conti had connections with Gizzi and Hariharan and also was part of the conspiracy to thwart Thakar's efforts to obtain legal assistance and employment.

The remaining defendants were Ajit Chunilal Shah, American International Marketing, and Aaron Hoke. Shah was Thakar's physician who allegedly joined the conspiracy against plaintiff. American International Marketing and Hoke hired Thakar as an insurances sales agent in May 2010. Thakar alleged that he faced discrimination and unfair treatment in that position as well, including interference with his business relationships with clients and potential clients.

A.    *Original Complaint*

In his initial complaint, Thakar attempted to state 15 causes of action against all defendants. The Smitray defendants filed special motions to strike under Code of Civil Procedure[2] section 425.16 (the anti-SLAPP statute), as well as demurrers to the complaint. The trial court granted the special motions to strike as to some causes of action, sustained the demurrers without leave to amend as to other causes of action, and sustained the demurrers with leave to amend as to the remaining causes of action. Conti also filed a special motion to strike and a demurrer. The trial court sustained Conti's demurrer without leave to amend and entered judgment in favor of Conti. Thakar appealed from that judgment and, as noted, we reversed the judgment to the extent it was based upon the trial court's sustaining

_____

[2]    Further undesignated statutory references are to the Code of Civil Procedure.

4

Conti's special demurrer; we found, however, that Conti's general demurrer as to some of the causes of action was well taken and affirmed the dismissal of those causes of action.  (*Thakar v. Conti* (March 18, 2013, B238498) [nonpub. opn.].)

B.     *First and Second Amended Complaints*

In the meantime, Thakar filed a first amended complaint, to which the Smitray defendants filed a demurrer; the trial court sustained the demurrer without leave to amend as to some causes of action and with leave to amend as to others.[3] Thakar then filed a second amended complaint (SAC) alleging four causes of action against the Smitray defendants:  breach of contract, intentional infliction of emotional distress (IIED), intentional interference with prospective economic advantage (interference claim), and conspiracy to interfere with prospective economic advantage (conspiracy claim).[4]

The Smitray defendants filed a demurrer to the SAC.  They argued that Thakar's breach of contract claim failed to state a cause of action because the written employment agreement he entered into (which was attached as an exhibit to the SAC) expressly provided that he was an at will employee.  In addition, they argued that Dahya and Patel could not be held liable for inducing a breach of contract because they were protected by the managerial privilege.  They contended the IIED claim failed because some of the alleged actions took place during his

---

[3]     None of the papers filed by the Smitray defendants in support of their demurrer is included in the record on appeal.  The record includes only Thakar's opposition to the demurrer and the minute order sustaining the demurrer.

[4]     The last three causes of action also were alleged against the remaining defendants, Shah and Hoke.  Before filing the SAC, Thakar sought by ex parte application leave of court to add three more causes of action against the Smitray defendants (for wrongful termination, retaliation, and misrepresentation), and additional causes of action against Hoke.  The trial court denied the application.

5

employment, and therefore fell under the exclusive remedy provisions of Labor Code section 3602, or were privileged under Civil Code section 47, and the remaining alleged actions were not sufficiently "outrageous" to meet the requirements of the tort. With regard to the interference and conspiracy claims, the Smitray defendants argued that Thakar failed to allege an economic relationship with which they interfered.

In opposing the demurrer to the breach of contract claim, Thakar argued there is an exception to "[t]he California at-will employment rule" when an employee is fired for an unlawful reason such as discrimination or fired in retaliation for filing charges with the Equal Employment Opportunity Commission (EEOC) or the United States Department of Justice (DOJ), or when an employee works under the contract for several months (which he contends automatically makes the contract subject to termination only for just cause). He also argued that the managerial privilege did not apply because Dahya and Patel own the corporations. Addressing the IIED claim, Thakar argued that the exclusive remedy rule does not apply to claims for IIED, that the litigation privilege does not apply, and that the Smitray defendants' conduct was outrageous. With regard to the interference and conspiracy claims, Thakar argued that the prospective economic advantage with which the Smitray defendants purportedly interfered was the resumption of his medical career, and that he adequately alleged conspiracy to interfere with that prospective economic advantage.

At the hearing on the demurrer, the trial court indicated its tentative ruling was to sustain the demurrer without leave to amend as to the interference and conspiracy claims. With regard to the breach of contract claim, the court indicated it would overrule the demurrer. The court explained that the claim would be better addressed in a motion for summary judgment because the issue that needed to be addressed was whether Thakar was terminated with or without cause (there was a

6

30-day notice provision for termination without cause, and Thakar alleged that he was not given notice). The court also noted that with regard to the Smitray individual defendants there appeared to be sufficient allegations of alter ego to keep them in the case on the breach of contract claim. Addressing the IIED claim, the court rejected the Smitray defendants' exclusive remedy argument, but it observed that the statute of limitations may bar the claim, although it acknowledged that the Smitray defendants had not raised that issue. In response to the court's observation, Thakar noted that he had filed claims with the EEOC and the Department of Fair Employment and Housing (DFEH) and had filed his first lawsuit (not the present lawsuit) in 2010.

The court indicated that it wanted to conduct some research on the IIED claim and it took the demurrer to the IIED claim under submission. It sustained the demurrer as to the interference and conspiracy claims without leave to amend, and overruled the demurrer to the breach of contract cause of action. It appears that the court subsequently sustained the demurrer to the IIED claim without leave to amend on statute of limitations grounds (the order is not included in the record on appeal).

C.  *Motions for Reconsideration and for Leave to File a Third Amended Complaint*

Almost a month later, Thakar filed a motion for reconsideration, arguing that the complaints he filed with various governmental agencies (including the EEOC and DOJ) and prior lawsuits he filed against the Smitray defendants equitably tolled the statute of limitations. A few days later, Thakar filed a motion for leave to file a third amended complaint, in which he sought to add claims against the Smitray defendants for retaliation and wrongful termination in violation of public

policy.[5]  The Smitray defendants opposed the motion for leave on the grounds that the statute of limitations barred both claims and the conduct upon which Thakar based those claims was not protected conduct.

The motion for reconsideration was heard at the same time as the motion for leave to file a third amended complaint with additional claims (along with other motions not at issue in this appeal).  The court denied the reconsideration motion on the grounds it was untimely and had "no substantive support."

With regard to the motion to add the retaliation and wrongful termination claims, the court stated:  "Now you're asking to add two new causes of action against the Smitray defendants.  I shouldn't say 'new causes of action' because there's nothing new about them.  The third and fourth causes of action for retaliation and wrongful termination have been briefed, have been considered, have been researched by me, have been given due consideration and have already been sustained without leave.  [¶]  They have already been tossed from this case. . . .  So it is my intention to deny the motion for leave to file a third amended complaint as to the third and fourth causes of action."

Thakar responded that when he had filed his first amended complaint, which added retaliation and wrongful termination claims against the Smitray defendants, he had not first obtained leave of court to add those claims.  He stated that during the hearing on the demurrer, the court sustained the demurrer and told him that he was welcome to ask for leave of court if he wanted to add those claims again.

The court asked counsel for the Smitray defendants if it had made a substantive ruling on the causes of action, and counsel responded that he did not recall.  But counsel argued that in any event, the claims were barred by the statute of limitations.  When counsel finished his argument, the court said:  "All right.  I

---

[5]     Thakar also sought to add other claims against defendant Hoke.

8

see no reason to allow leave to amend to file yet another complaint, and I've already ruled on the second amended complaint after thorough consideration of all the causes of action that were before me. So I'm gonna stand by my ruling on [the retaliation and wrongful termination claims]." The Smitray defendants filed a notice of ruling stating that Thakar's "motion for leave to plead in his proposed Third Amended Complaint claims for (1) Retaliation and (2) Wrongful Termination in Violation of Public Policy is DENIED because they are untimely pursuant to C.C.P. § 335.1."**6**

D.    *Third Amended Complaint and Motion for Summary Adjudication*

Thakar filed a verified third amended complaint (TAC); the only cause of action against the Smitray defendants was for breach of contract. The Smitray defendants moved for summary adjudication seeking (1) an adjudication in favor of the Smitray individual defendants on the grounds that they are immune from liability for breach of the contract; (2) an adjudication that Thakar cannot recover compensatory damages on his breach of contract claim; (3) an adjudication that Thakar cannot recover punitive damages; and (4) an adjudication that Thakar is limited to damages in the form of wages and housing for the 30-day notice period set forth in the contract. The motion was supported by allegations in the verified TAC and Thakar's responses to form interrogatories. The Smitray defendants argued that Thakar admitted in his verified TAC that Dahya and Patel were managers for the Smitray corporate defendants and that Patel was a principal for those corporate defendants. They contended that the managerial privilege bars individual liability for breach of contract, and that there were no allegations or evidence that Patel was an alter ego of Smitray, Inc., the sole signatory to the

---

**6**      The minute order from the hearing does not give grounds for the denial.

contract at issue. The Smitray defendants also argued that, as a matter of law, Thakar cannot recover compensatory or punitive damages on a breach of contract claim. Finally, they argued that, since the contract provided that Thakar's employment was at-will and could be terminated upon 30 days notice without good cause or immediately if good cause existed, the most he could recover for breach of contract (if it was found that he was terminated without good cause) would be the wages and housing he would have received during the 30-day notice period; according to Thakar's responses to form interrogatories, that amount was $3,350.

In opposition to the summary adjudication motion, Thakar asked the trial court to take judicial notice of the Smitray defendants' demurrer to the SAC, Thakar's opposition to that demurrer, the court's ruling on the demurrer, Thakar's further responses to form interrogatories, and the Smitray defendants' responses to Thakar's discovery requests (which consisted entirely of objections). He purported to dispute that he was employed only by Smitray, Inc., relying upon his response to form interrogatories and the allegation in the TAC that he was employed by the Smitray defendants, and not Smitray, Inc. He argued that Dahya and Patel were liable for breach of contract due to their tortious acts in furtherance of the breach, and that the managerial privilege did not apply because they acted with a motive to sabotage Thakar's employment in order to thwart his pursuit to regain his medical career.

At the hearing on the summary adjudication motion, the trial court noted that Thakar appeared to be asking for a continuance of the motion based upon the Smitray defendants' failure to respond in good faith to his discovery requests. The court continued the motion to the date the court had scheduled to hear Thakar's motion to compel further discovery responses. The court explained that if the discovery issues were not resolved by that date, it would treat that date as a summary adjudication setting date, but if it denied the motions to compel, it would

10

proceed with the summary adjudication motion at that time. The court then noted deficiencies in both sides' papers. It pointed out that the Smitray defendants did not submit any declarations in support of their motions, relying exclusively on discovery responses and the allegations of Thakar's complaint. The court also indicated that the moving papers were unclear regarding whether Thakar was terminated or stopped working voluntarily. Finally, the court noted that Thakar's separate statement did not comply with the Rules of Court. The court gave both sides time to provide supplemental papers in support of or opposition to the summary adjudication motion.

The Smitray defendants filed a supplemental brief and a declaration from Dahya clarifying the facts surrounding Thakar's termination as well as the structure of the Smitray corporate defendants and Dahya and Patel's positions in those corporations. Thakar filed an opposition to the supplemental brief and an amended separate statement.

At the hearing on the continued motion, the trial court granted summary adjudication on all four issues, noting that as a result, judgment would be entered in favor of the Smitray individual defendants, and any damages against the Smitray corporate defendants would be capped at $3,350. At the end of the hearing, Thakar asked the court if, in light of the $3,350 cap on damages against the Smitray corporate defendants, it would be possible to not go forward with the trial on the breach of contract claim against them[7] until it is determined by the appellate court whether any of his claims must be reinstated. The court suggested that Thakar discuss that with counsel for the Smitray defendants to see if they could work out a stipulation. Thakar and counsel did so, and eventually reached a stipulation stating

---

[7] Trial on the claim against the Smitray defendants and the claims against Hoke was scheduled to go forward in a few months.

11

that "pursuant to the in-court stipulation between all parties, and in light of [the trial court's] rulings granting the Smitray Defendants' Motion for Summary Adjudication which limits [Thakar's] potential damages, this matter is stayed as to [the Smitray corporate defendants] pending the outcome of all pending appeals currently before the Second District Court of Appeal." In the meantime, judgment was entered in favor of the Smitray individual defendants, and Thakar filed a notice of appeal from that judgment.

D.    *Motion to Disqualify Conti as Counsel*

While the motion for summary adjudication was pending, Thakar filed a motion to disqualify Conti as counsel for the Smitray defendants. The basis for his motion was that Conti had a conflict of interest with his clients, the Smitray defendants, because (1) Conti had a prior relationship with some or all of the New Jersey defendants, who would be reinstated as defendants in the lawsuit if Thakar prevailed in his appeal of the order quashing service (that appeal, however, was unsuccessful);[8] and (2) Conti himself would be reinstated as a defendant if Thakar's appeal of the order dismissing his claims against Conti was successful (which it was).

Conti opposed the motion on the grounds that Thakar did not have standing to bring the motion and that no conflict existed. He submitted a declaration in support of his opposition stating that he has never had any relationship with any of the New Jersey defendants and never maintained any kind of fiduciary or confidential relationship with Thakar.

---

[8]    Thakar contended that the New Jersey defendants conceded the existence of a prior relationship because they did not address his allegation of a relationship in their respondents' brief on appeal.

12

The trial court denied the motion, and Thakar filed a notice of appeal from the order denying the motion.[9]

## DISCUSSION

In his opening brief and supplemental opening brief, Thakar contends the trial court erred or abused its discretion by: (1) granting the Smitray defendants' special motion to strike under section 425.16; (2) dismissing Thakar's invasion of privacy claim from the first amended complaint; (3) dismissing Thakar's IIED claim against the Smitray defendants from the second amended complaint and denying his motion for reconsideration; (4) denying Thakar's motion for leave to file a third amended complaint adding claims for retaliation and wrongful termination; (5) sustaining without leave to amend the Smitray defendants' demurrer to Thakar's interference and conspiracy claims in the third amended complaint; (6) granting the Smitray defendants' motion for summary adjudication as to the remaining cause of action in the third amended complaint; and (7) denying Thakar's motion to disqualify Conti.

---

[9]     Although the order denying Thakar's motion to disqualify was entered on a different date than the judgment in favor of the Smitray individual defendants was entered, and Thakar filed separate notices of appeal, the appeal from the order and the judgment were assigned the same case number. On September 27, 2013, Thakar filed an appellant's opening brief that addressed only the order denying his motion to disqualify. Three months later, Thakar filed a motion with this Court, asking us to sever the appeal from the judgment from the appeal from the order and to assign separate case numbers. We denied that motion. Thakar then moved to strike his appellant's opening brief and allow him to file a new brief addressing all the issues arising in both appeals. We denied the motion, but granted Thakar leave to file a supplemental brief confined to issues not addressed in the appellant's opening brief already filed. Thakar subsequently filed an appellant's supplemental opening brief.

13

A. *This Court Has No Jurisdiction to Review Any Rulings Regarding the Smitray Corporate Defendants*

As a preliminary matter, we note that throughout his opening briefs, Thakar generally does not distinguish between the Smitray corporate defendants and the Smitray individual defendants, referring to all of them collectively as the Smitray defendants. Thus, in challenging the trial court's rulings, he appears to challenge them on behalf of all of the Smitray defendants. However, we have no jurisdiction to review the trial court's rulings as to the Smitray corporate defendants because no final judgment has been entered with regard to them.[10] (*Jennings v. Marralle* (1994) 8 Cal.4th 121, 126 ["The existence of an appealable judgment is a jurisdictional prerequisite to an appeal"].) Therefore, we will address Thakar's contentions only with respect to the trial court's rulings as to the Smitray individual defendants.

B. *This Court Has No Jurisdiction to Review the Trial Court's Ruling on the Special Motion to Strike*

Thakar contends the trial court erred in granting the Smitray defendants' special motion to strike and dismissing certain claims alleged against them. We do not have jurisdiction to consider this contention.

"'An order granting or denying a special motion to strike shall be appealable under Section 904.1." (§ 425.16, subd. (i); see generally § 425.16 et seq.) Section 904.1 provides "[a]n appeal . . . may be taken . . . [f]rom an order granting or denying a special motion to strike under Section 425.16." (§ 904.1, subd. (a)(13).) ""If a judgment or order is appealable, an aggrieved party *must* file a *timely* appeal

---

[10] Thakar appears to argue in his appellant's reply brief that the trial court's order staying the lower court proceedings as to the Smitray corporate defendants allows this court to address his contentions as to those defendants. It does not.

or forever *lose* the opportunity to obtain appellate review." [Citations.]' [Citation.]" (*Maughan v. Google Technology, Inc.* (2006) 143 Cal.App.4th 1242, 1246-1247.)

Under rule 8.104 of the Rules of Court, to obtain review of the order granting the Smitray defendants' special motion to strike, Thakar was required to file a notice of appeal from the order no more than 180 days after entry of the order. (Cal. Rules of Court, rule 8.104(a)(1)(C).) Although the record on appeal in this case does not include the order granting the special motion to strike, it does include a notice of ruling indicating that the court granted the motion and dismissed several causes of action on October 21, 2011. Even if Thakar's notice of appeal filed in this case on February 22, 2013 -- 16 months after the trial court's ruling -- could be construed as an appeal from the granting of the special motion to strike, it would be untimely. Therefore, we have no jurisdiction to review the trial court's order. (*Van Beurden Ins. Services, Inc. v. Customized Worldwide Weather Ins. Agency, Inc.* (1997) 15 Cal.4th 51, 56 ["The time for appealing a judgment is jurisdictional; once the deadline expires, the appellate court has no power to entertain the appeal"].)

C.      *Dismissal of the Invasion of Privacy Claim*

In his supplemental opening brief, Thakar includes a heading challenging the trial court's dismissal of seven claims in the original complaint. Six of those claims were subject to the trial court's ruling on the Smitray defendants' special motion to strike, which we have no jurisdiction to review. The seventh claim, for invasion of privacy, was dismissed on a demurrer.

Although Thakar asserts in the heading that the demurrer was to the original complaint, the invasion of privacy claim alleged in the original complaint was not dismissed; instead, the trial court sustained the Smitray defendants' demurrer to

15

that claim with leave to amend. Thakar then filed a first amended complaint that included an invasion of privacy claim, and the court sustained the Smitray defendants' demurrer to that claim without leave to amend.

As Thakar's argument in his supplemental opening brief makes clear, his challenge is to the court's ruling on the demurrer to the first amended complaint, rather than the original complaint. That argument, however, contains no legal analysis. Thakar does not address the elements of an invasion of privacy claim, or how the allegations of the first amended complaint support those elements. Instead, he simply notes that the first amended complaint included allegations regarding the existence of a video surveillance system in the hotel at which he worked (and lived). Because Thakar failed to provide any legal analysis to show that these allegations are sufficient to state a cause of action for invasion of privacy, we need not address his contention that the trial court erred in sustaining the demurrer without leave to amend. (See, e.g., *Tilbury Constructors, Inc. v. State Comp. Ins. Fund* (2006) 137 Cal.App.4th 466, 482.)

Even if we were inclined to consider his contention, the contention would fail because Thakar failed to provide an adequate record. The record on appeal does not include the Smitray defendants' demurrer to the first amended complaint, their points and authorities in support of the demurrer, their reply to Thakar's opposition, or the reporter's transcript of the hearing on the demurrer. "The party seeking to challenge an order on appeal has the burden to provide an adequate record to assess error. [Citation.] Where the party fails to furnish an adequate record of the challenged proceedings, his claim on appeal must be resolved against him. [Citations.]" (*Rancho Santa Fe Assn. v. Dolan-King* (2004) 115 Cal.App.4th 28, 46, citing *Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295-1296 and *Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1140-1141.)

16

D.  *Dismissal of the IIED Claim and Denial of Motion for Reconsideration*

As noted, at the hearing on the Smitray defendants' demurrer to the SAC the trial court raised the issue whether Thakar's IIED was barred by the statute of limitations, and apparently later dismissed the claim on that ground.  The court also denied Thakar's motion for reconsideration of that dismissal.  On appeal, Thakar contends the trial court abused its discretion by dismissing the IIED claim and denying his motion for reconsideration because the statute of limitations was equitably tolled by his filing of complaints with the California Department of Industrial Relations, the EEOC, and the DOJ, and by the filing of an overtime wage complaint in the superior court.

The Smitray defendants contend we should reject Thakar's challenge to the court's demurrer ruling because Thakar failed to include a copy of the court's order in the record on appeal; they also argue that in any case, the court did not abuse its discretion.  While they are correct that the record does not include the trial court's order, it does include the reporter's transcript in which the trial court rejected the Smitray defendants' grounds for demurrer but expressed its opinion that the IIED claim was barred by the statute of limitations.  The record also includes the Smitray defendants' opposition to Thakar's motion for reconsideration, in which the Smitray defendants acknowledged that the court ultimately issued a ruling sustaining the demurrer to the IIED without leave to amend.  Therefore, we will address Thakar's contention.

The alleged factual basis for Thakar's IIED claim is set forth in paragraphs 12 through 21 of the SAC.  Those paragraphs allege the following conduct:  (1) the Smitray defendants asked Thakar's coworker to provide grounds to terminate Thakar; (2) Thakar was the target of "work related hostilities," threats of termination, and constant video surveillance; (3) someone was tampering with food being delivered to him in early 2008; (4) he was fired for taking a vacation;

17

(5) after the Smitray defendants refused to let him stay in the apartment he had been living in at the hotel once he was fired, he was intimidated by hotel staff and his car's windshield was shot at with air gun pellets when he refused to vacate the apartment; (6) he was served with a restraining order and told to pack up his belongings, and when he was unable to do so he was taken to jail for half of a day, and then when he returned to collect his belongings the Smitray defendants called the police and he was taken to jail again; (7) the Smitray defendants (along with Conti) submitted manufactured evidence to the EEOC and the Department of Fair Employment and Housing in defense of Thakar's complaints; and (8) the Smitray defendants coached their employees to make malicious false allegations against him at a hearing before the Deputy Labor Commissioner.

We note that the last two items involve communications made in connection with official proceedings authorized by law. Those communications are absolutely privileged under Civil Code section 47, subdivision (b), and cannot give rise to liability for IIED. (*Silberg v. Anderson* (1990) 50 Cal.3d 205, 212; *Rosenthal v. Irell & Manella* (1982) 135 Cal.App.3d 121, 126.) Thus, we are left with the first six items, which necessarily occurred during Thakar's employment or very shortly after his employment was terminated on April 17, 2008. The statute of limitations issue arises because Thakar did not file his complaint in this case until May 6, 2011, three years after the conduct occurred, and there is a two-year statute of limitations for IIED claims. (§ 335.1; *Pugliese v. Superior Court* (2007) 146 Cal.App.4th 1444, 1450.)

As Thakar correctly observes, a statute of limitations will be equitably tolled "'"[w]hen an injured person has several legal remedies and, reasonably and in good faith, pursues one."' [Citations.]" (*McDonald v. Antelope Valley Community College Dist.* (2008) 45 Cal.4th 88, 100 (*McDonald*).) The doctrine of equitable tolling "is 'designed to prevent unjust and technical forfeitures of the right to a trial

18

on the merits when the purpose of the statute of limitations -- timely notice to the defendant of the plaintiff's claims -- has been satisfied.' [Citation.]" (*Id.* at p. 99.) "[I]t may apply where one action stands to lessen the harm that is the subject of a potential second action; where administrative remedies must be exhausted before a second action can proceed; or where a first action, embarked upon in good faith, is found to be defective for some reason. [Citation.]" (*Id.* at p. 100.)

Equitable tolling applies when three elements are met.

First, there must be timely notice. (*McDonald*, *supra*, 45 Cal.4th at p. 102.) In other words, the filing of the first claim must be within the statutory period and "must alert the defendant in the second claim of the need to begin investigating the facts which form the basis for the second claim. Generally this means that the defendant in the first claim is the same one being sued in the second." (*Collier v. City of Pasadena* (1983) 142 Cal.App.3d 917, 924 (*Collier*).)

Second, there must be a lack of prejudice to the defendant. (*McDonald*, *supra*, 45 Cal.4th at p. 102; *Collier*, *supra*, 142 Cal.App.3d at p. 924.) In other words, the facts of the first claim must be similar enough to the facts of the second claim such "that the defendant's investigation of the first claim will put him in a position to fairly defend the second." (*Collier*, *supra*, 142 Cal.App.3d at p. 925.) The two causes of action need not be absolutely identical; "[t]he critical question is whether notice of the first claim affords the defendant an opportunity to identify the sources of evidence which might be needed to defend against the second claim." (*Collier*, *supra*, 142 Cal.App.3d at p. 925.)

Third, there must be reasonable and good faith conduct on the part of the plaintiff. (*McDonald*, *supra*, 45 Cal.4th at p. 102.) For example, the plaintiff cannot unreasonably delay in filing the second claim or deliberately mislead the defendant into believing the second claim would not be filed. (*Collier*, *supra*, 142 Cal.App.3d at p. 926.)

19

In this case, when the trial court first raised the statute of limitations at the hearing on the Smitray defendants' demurrer to the SAC, Thakar pointed out that he had filed complaints with various entities that tolled the statute. Although the SAC included some general references to complaints Thakar had filed with governmental agencies, it did not describe the allegations of any of the complaints, and the only evidence he had submitted to the trial court of any such complaint were two letters from the DOJ, of which he requested the court take judicial notice. The court denied the request.[11]

Two days later, Thakar filed a declaration stating that he filed a "Complaint for Retaliation" with the Department of Industrial Relations on June 3, 2008, and that the final determination of that complaint was made on April 19, 2011, with an appeal filed in November 2011. He did not provide any details about his complaint. He simply stated that the ongoing investigation by the state agency tolled the statute of limitations.

The absence of any details regarding the factual basis of Thakar's prior complaints was critical, because those details were necessary for Thakar to satisfy the second element required for equitable tolling to apply, i.e., that the facts alleged in those complaints were similar enough to the facts alleged in the IIED claim such that the Smitray defendants' investigation of the earlier complaints would put them in a position to fairly defend the IIED claim. (*Collier*, *supra*, 142 Cal.App.3d at p. 925.) Because the allegations of the SAC demonstrated that the conduct upon which Thakar's IIED claim was based occurred more than two years before the

---

[11] Even if the trial court had granted Thakar's request for judicial notice, the letters merely stated that the matters that had been submitted to the DOJ did not appear to be within the jurisdiction of the Civil Rights Division of the DOJ, and that the issues raised may be within the jurisdiction of the EEOC. There was no description of the matters that had been submitted.

original complaint was filed, and there were no allegations (or judicially noticed facts) sufficient to show that equitable tolling applied, the trial court did not abuse its discretion by finding that the IIED claim was time-barred.

The trial court also did not abuse its discretion by denying Thakar's motion for reconsideration. Not only was the motion untimely, having been filed almost a month after the court sustained the demurrer to the IIED claim, but it failed to supply those critical facts necessary to show that equitable tolling applied. Instead, Thakar simply listed the various complaints he had filed with various governmental agencies and courts: a "Complaint for Retaliation" filed with the California Department of Industrial Relations, an "EEOC Charge," a "Complaint for overtime Wages," a "Complaint with USDOJ," a "Civil Complaint in Superior Court . . . Appeal[ing] from Dismissal of (overtime) Wage Complaint," and another "Civil Complaint in Superior Court" (the precursor to this case) which was filed on December 30, 2010 (more than two years after he was terminated), removed to federal court, and then dismissed after the present lawsuit was filed. There was no further description of those complaints.

Thakar's supplemental opening brief on appeal suffers from the same infirmity. The brief merely quotes from the motion for reconsideration in describing the complaints Thakar contends tolled the statute of limitations. He provides no other description, and does not cite to (nor have we found) any part of the appellate record showing what facts were alleged in those complaints, or even who the defendants were in each complaint. In short, Thakar failed to demonstrate any error by the trial court in finding that his IIED claim was time-barred.

E. *Denial of Leave to Add Retaliation and Wrongful Termination Claims*

Thakar contends the trial court abused its discretion by denying his motion for leave to file a third amended complaint adding claims for retaliation and

21

wrongful termination. The court denied the motion on the ground that it had already sustained without leave to amend a demurrer to those claims. Thakar argues that the court was mistaken in its belief that it had sustained the demurrer on substantive grounds, and that in fact the court had dismissed the claims from the first amended complaint because Thakar had not sought leave to add those claims before filing the amended complaint.

We cannot determine if Thakar's assertion is correct because, as noted in Section C., *ante*, the reporter's transcript from the hearing on the Smitray defendants' demurrer to the first amended complaint is not included in the record on appeal, and the court's minute order from that hearing simply states that the demurrer to those claims was sustained without leave to amend. In any event, we conclude the trial court did not abuse its discretion because, based upon the record before the trial court and this court, the claims would be barred by the statute of limitations. (See, e.g., *Yee v. Mobilehome Park Rental Review Bd.* (1998) 62 Cal.App.4th 1409, 1429 [trial court properly denied leave to amend complaint to add claims that were barred by statute of limitations].)

Like Thakar's claim for IIED, claims for retaliation and wrongful termination are governed by the statute of limitations governing personal injury claims, i.e., the two-year limitation set forth in section 335.1. (*Barton v. New United Motor Manufacturing, Inc.* (1996) 43 Cal.App.4th 1200, 1206.) The statute begins to run upon the termination of employment, which in this case was alleged to be April 17, 2008. (*Romano v. Rockwell Internat., Inc.* (1996) 14 Cal.4th 479, 501.) Thus, even if the claims related back to the filing of the original complaint on May 6, 2011, the claims would be time-barred.[12]

---

[12] We note that Thakar did not raise equitable tolling with regard to these claims in the trial court or in his briefs before this court. Even if he had, as discussed in Section D., *ante*, Thakar has not shown that equitable tolling would apply.

22

F.    *Dismissal of Interference and Conspiracy Claims*

Thakar contends the trial court erred in sustaining without leave to amend the Smitray defendants' demurrer to the intentional interference with prospective economic advantage and conspiracy to interfere with prospective economic advantage claims alleged in the SAC.  In making this contention in his supplemental opening and reply briefs on appeal, Thakar does not address the elements of these causes of action or explain how the allegations of the SAC met those elements.  Instead, he discusses the standard for ruling on a demurrer and concludes:  "Lower Court clearly did not construe Appellant's claims liberally in contrast to applicable standards described above."

We could reject Thakar's contention on the ground that he failed to provide any legal analysis to show that the allegations of his complaint were sufficient to state causes of action for interference with prospective economic advantage and conspiracy.  (*Tilbury Constructors, Inc. v. State Comp. Ins. Fund*, *supra*, 137 Cal.App.4th at p. 482.)  Nevertheless, we will address the merits of the trial court's ruling.

As the Smitray defendants note in their respondents' brief, the "elements for intentional interference  with prospective economic advantage are:  (1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant."  (*Youst v. Longo* (1987) 43 Cal.3d 64, 71, fn. 6.)  It appears from the allegations of the SAC that Thakar misunderstands the elements of the cause of action, because the SAC did not identify *any* existing relationship between Thakar

23

and a third party with which the Smitray individual defendants interfered, let alone a relationship with a probability of future economic benefit. Instead, the SAC alleged that the Smitray defendants interfered with Thakar's attempt to rehabilitate his medical career and thereby *create* a relationship with the probability of future economic benefit.

Because Thakar did not allege, and does not appear to be able to allege, an existing relationship with which the Smitray individual defendants purportedly interfered, the trial court properly sustained without leave to amend the demurrer to the interference claim. And since Thakar did not, and cannot, allege a cognizable interference claim, the trial court properly sustained the demurrer to the claim for conspiracy to interfere with prospective economic advantage as well. (*Applied Equipment Corp. v. Litton Saudi Arabia Ltd.* (1994) 7 Cal.4th 503, 511 [""""A civil conspiracy, however atrocious, does not per se give rise to a cause of action unless a civil wrong has been committed resulting in damage"""""].)

G.      *Summary Adjudication of Breach of Contract Claim*

As noted, the Smitray defendants requested the following four adjudications related to the sole claim alleged against them, for breach of contract:  (1) that the Smitray individual defendants are entitled to judgment on the grounds that they are immune from liability for breach of the contract at issue; (2) that Thakar cannot recover compensatory damages on his breach of contract claim; (3) that Thakar cannot recover punitive damages; and (4) that Thakar's damages, if he prevails, are limited to wages and housing for the 30-day notice period set forth in the contract. On appeal, Thakar challenges the trial court ruling in favor of the Smitray defendants on all four adjudications, although we will address only the first adjudication because it is dispositive with regard to the Smitray individual defendants.

Thakar puts forth three arguments in support of his contention that the trial court erred in granting the first adjudication. First, he argues there was a disputed issue as to whether the Smitray individual defendants were parties to the contract that was breached. Second, he argues the trial court's ruling was inconsistent with its prior ruling overruling the Smitray defendants' demurrer to the breach of contract claim. Third, he argues the court should have denied the motion under section 437c, subdivision (h) because the Smitray defendants gave completely evasive discovery responses.

The second and third arguments require little discussion. The second argument fails because the overruling of a demurrer does not preclude the granting of a summary adjudication, even on the same legal issue, since they are two different motions. (See, e.g., *Community Memorial Hospital v. County of Ventura* (1996) 50 Cal.App.4th 199, 205 ["To hold that a trial court is prevented in a motion for summary judgment or adjudication from revisiting issues of law raised on demurrer is to condemn the parties to trial even where the trial court's decision on demurrer was patently wrong"].) The third argument fails for two reasons. First, section 437c, subdivision (h) applies only if the party opposing the summary adjudication motion submits an affidavit indicating "that facts essential to justify opposition may exist but cannot, for reasons stated, then be presented." (§ 437c, subd. (h).) The affidavit "must show: (1) the facts to be obtained are essential to opposing the motion; (2) there is reason to believe such facts may exist; and (3) the reasons why additional time is needed to obtain these facts." (*Wachs v. Curry* (1993) 13 Cal.App.4th 616, 623.) Thakar did not file the requisite affidavit in this case. Second, even though Thakar did not file any affidavit meeting the requirements of the statute, the trial court continued the original hearing on the summary judgment motion to allow the parties to resolve the discovery disputes, and the Smitray defendants provided substantive responses to Thakar's discovery

25

requests before the continued hearing. Therefore, the trial court actually gave Thakar the relief required under section 437c, subdivision (h).

Although Thakar's first argument requires more discussion, it too fails. The Smitray defendants contended in their summary adjudication motion that the Smitray individual defendants were entitled to judgment on the breach of contract claim because they were not parties to the contract and Thakar did not allege they were alter egos of Smitray, Inc., the entity that entered into the contract. Moreover, to the extent the breach of contract claim could be interpreted as alleging that the individual defendants induced Smitray, Inc. to breach the contract, they contended the individual defendants could not be held liable due to managerial privilege. (See, e.g., *Halvorsen v. Aramark Uniform Services, Inc.* (1998) 65 Cal.App.4th 1383, 1391, 1396 [manager's actions in inducing a breach of employment contract of at-will employee is absolutely privileged under the manager's privilege].) They supported their contentions by citing to the employment agreement, which was attached as an exhibit to the complaint, and to allegations in the third amended complaint that Dahya is a manager for the corporate entity that employed Thakar and Patel is a "dominant owner" of the corporation. They also submitted, as a supplement to their moving papers, Dahya's declaration stating that he is the vice president and corporate secretary, and Patel is the president, of both Smitray corporate defendants, and that they terminated Thakar's employment due to Thakar's decision to take a month-long vacation with almost no notice as well as other misbehavior by Thakar during his employment.

Thakar purported to dispute that the Smitray individual defendants were not parties to the contract by pointing to the allegations of the complaint, which state that he was employed by the "Smitray Defendants." These allegations are insufficient to raise a triable issue of fact because they are contrary to the contract,

26

which identifies "Days Inn Airport Center" as the employer and was signed by Dahya as general manager/secretary for "Days Inn Airport Center/Smitray Inc." (See *Brakke v. Economic Concepts, Inc.* (2013) 213 Cal.App.4th 761, 767-768 [facts appearing in exhibits attached to complaint are given precedence over contrary allegations in complaint]; *Dollinger DeAnza Associates v. Chicago Title Ins. Co.* (2011) 199 Cal.App.4th 1132, 1144-1145 ["a party 'cannot avoid summary judgment by asserting facts based on mere speculation and conjecture, but instead must produce admissible evidence raising a triable issue of fact'"].)

Thakar also purported to dispute that Dahya is "only" a manager of the corporation, pointing to allegations in the second amended complaint that Dahya and Patel also were owners of the Smitray corporate defendants that employed him. Even if those allegations were sufficient to establish that Dahya and Patel were owners of the corporations, that "fact" would not be sufficient to hold them individually liable for breach of a contract signed by one of those corporations because that "fact" does not establish that the individuals were alter egos of the corporation. (See, e.g., *Auer v. Frank* (1964) 227 Cal.App.2d 396, 405-411 [ownership of corporation alone does not render individual liable for obligation owed by corporation without evidence indicating the corporation is the owner's alter ego].)

This purported disputed fact also is not relevant to the Smitray individual defendants' contention that they could not be held liable for allegedly inducing a breach of the employment contract. Whether an owner of an entity can be held liable for inducing the entity to breach a contract depends upon whether the owner was acting to protect the interests of the entity. (*Wanland v. Los Gatos Lodge, Inc.* (1991) 230 Cal.App.3d 1507, 1522.) "[T]he owner of an entity enjoys a qualified privilege to terminate a contract to which the entity is a party, provided that the owner's predominant purpose in inducing the breach is to further the entity's

27

interests. [Citation.]" (*Ibid.*) In this case, the Smitray individual defendants submitted evidence -- Dahya's declaration -- that they terminated Smitray, Inc.'s employment contract with Thakar due to Thakar's misbehavior on the job, i.e., to protect the interests of Smitray, Inc. Although Thakar *asserts* they had a different motive for terminating the contract -- i.e., "to sabotage his Financial, Residential, physical, emotional and psychological wellbeing" -- he submitted no *evidence* sufficient to raise a disputed issue regarding their motive. As we noted, "a party 'cannot avoid summary judgment by asserting facts based on mere speculation and conjecture, but instead must produce admissible evidence raising a triable issue of fact.'" (*Dollinger DeAnza Associates v. Chicago Title Ins. Co.*, *supra*, 199 Cal.App.4th at pp. 1144-1145; see also *Arteaga v. Brink's Inc.* (2008) 163 Cal.App.4th 327, 344 [triable issue must rest on admissible evidence].)

In short, Thakar failed to submit evidence in opposition to the Smitray defendants' motion for summary adjudication sufficient to raise a triable issue with regard to the first adjudication. Therefore, the trial court properly granted the Smitray defendants' motion for summary adjudication with regard to that adjudication and entered judgment in favor of the Smitray individual defendants.

H.    *Denial of Motion to Disqualify Conti*

Thakar contends the trial court erred in denying his motion to disqualify Conti as attorney for the Smitray defendants because the Rules of Professional Conduct prohibit an attorney from representing clients whose interests potentially or actually conflict without the informed written consent of each client, or where the attorney represents a client in a matter adverse to a former client. He contends those rules apply in this case because Conti is a defendant and is representing his co-defendants, the Smitray defendants, and he had a prior relationship with former

28

co-defendants, the New Jersey defendants.  The Smitray defendants contend Thakar had no standing to seek Conti's disqualification because Thakar has never been a client of Conti's and has never had any fiduciary or confidential relationship with him.  The Smitray defendants are correct.

Before a complaining party can bring a motion to disqualify an attorney, the complaining party must have or have had an attorney-client relationship with that attorney, or some sort of confidential or fiduciary relationship must exist or have existed, and there is a threat of disclosure of the complaining party's confidential information.  (*Great Lakes Construction, Inc. v. Burman* (2010) 186 Cal.App.4th 1347, 1356-1357; see also *Blue Water Sunset, LLC v. Markowitz* (2011) 192 Cal.App.4th 477, 485.)  Thakar does not contend that he has ever had an attorney-client relationship with Conti, or that he had any kind of confidential or fiduciary relationship with him.

Nevertheless, relying upon language from a federal district court case and a California appellate case, Thakar argues a party may move to disqualify an opposing attorney "where the ethical breach is manifest and glaring and so infects the litigation that it impacts the moving party's interest in a just and lawful determination of the case."  (Italics omitted.)  (Citing *Colyer v. Smith* (C.D.Cal. 1999) 50 F.Supp.2d 966, 971-972; *Kennedy v. Eldridge* (2011) 201 Cal.App.4th 1197, 1203-1204.)  Even if Thakar is correct, and even if it were found that Conti breached his ethical duties by representing co-defendants without obtaining the co-defendants' written consent (although there is no evidence of such a breach), he has failed to show that any alleged breach would have any impact on the just and lawful determination of Thakar's claims.

To the extent there is a conflict of interest arising from Conti's representation of both himself and the Smitray defendants, that conflict affects only Conti and the Smitray defendants.  Similarly, even if there had formerly been

an attorney-client or other confidential relationship between Conti and the New Jersey defendants (although Conti stated under penalty of perjury no such relationship ever existed), any conflict of interest that would arise from that former representation or relationship and Conti's representation of himself or the Smitray defendants would affect only Conti, the Smitray defendants, and the New Jersey defendants. In any event, any of those potential conflicts of interest could be waived by the parties to the conflict. In other words, *Thakar* is not injured by the concurrent or successive representations. Therefore, the trial court properly denied Thakar's motion to disqualify Conti.

## DISPOSITION

The judgment in favor of Dahya and Patel is affirmed. The order denying Thakar's motion to disqualify Conti is affirmed. Dahya, Patel, and Conti shall recover their costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

WILLHITE, Acting P.J.

We concur:

MANELLA, J.                    COLLINS, J.

30